IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.* CHRISTOPHER SEAN CAPSHAW, KEVIN BRYAN, AND FRANKLIN BROCK WENDT<br><br>and<br><br>STATE OF TEXAS<br>*Ex. rel.* CHRISTOPHER SEAN CAPSHAW, KEVIN BRYAN, AND FRANKLIN BROCK WENDT<br><br>    Plaintiffs,<br><br>vs.<br><br>BRYAN K. WHITE, M.D.; BE GENTLE HOMEHEALTH, INC. also d/b/a PHOENIX HOME HEALTHCARE; SURESH G. KUMAR, R.N.; HOSPICE PLUS, LP.; GOODWIN HOSPICE, LLC; SABARI KUMAR; REMANI B. KUMAR, a/k/a REMANI AMMA; NORTH TEXAS BEST HOME HEALTH; VINAYAKA ASSOCIATES, LLC, d/b/a A&S HOME HEALTH CARE; GOODWIN HOME HEALTHCARE SERVICES, INC.; D. YALE SAGE; KIRK SHORT; SHEILA HALCROW a/k/a SHEILA WATLEY/SHEILA TAYLOR/SHEILA O'BRIEN; INTERNATIONAL TUTORING SERVICES, LLC, f/k/a INTERNATIONAL TUTORING SERVICES, INC., and d/b/a HOSPICE PLUS; and CURO HEALTH SERVICES, LLC f/k/a CURO HEALTH SERVICES, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3-12CV-4457-N<br><br>(Consolidated with No. 3-13-cv-3392-B)<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO RELATORS' JOINT AMENDED COMPLAINT

Defendants Hospice Plus, LP; Goodwin Hospice, LLC; International Tutoring Services, LLC, f/k/a International Tutoring Services, Inc., and d/b/a Hospice Plus; and Curo Health Services, LLC f/k/a Curo Health Services, Inc. (collectively, the "Hospice Plus Entities") file this Motion for Extension of Time, seeking an extension until January 4, 2016, to answer or otherwise respond to Relators' Joint Amended Complaint.[1] In support, the Hospice Plus Entities show as follows:

1. Relators served this lawsuit on the Hospice Plus Entities in early November. Hospice Plus, LP; Goodwin Hospice, LLC; and International Tutoring Services, LLC were served on November 3, 2015.[2] Curo Health Services, LLC was served on November 10, 2015.

2. The Joint Amended Complaint asserts complex and wide-ranging claims against the Hospice Plus Entities (and other defendants) under the federal False Claims Act and the Texas Medicaid Fraud Prevention Act. According to Relators, this case arises out of the business relationships of more than a dozen individuals and entities over the course of almost ten years. The complaint itself is 113 pages long and is accompanied by nearly 200 pages of Appendices, including alleged payment data for hundreds of individuals. Although the complaint was unsealed in July 2015, the Hospice Plus Entities were not served with the complaint and did not receive the Appendices until last week.

3. The Hospice Plus Entities' earliest deadline to answer or otherwise respond to Relators' Joint Amended Complaint is November 24, 2015 (based on the November 3 service

---

[1] By filing this Motion, the Hospice Plus Entities are not waiving and hereby preserve all available arguments and defenses in responding to the Joint Amended Complaint as set forth in Federal Rule of Civil Procedure 12, including but not limited to lack of personal jurisdiction over any or all of the Hospice Plus Entities.

[2] While the docket entries for service on these defendants inaccurately state that they were served on November 2, the Returns of Service themselves show that service was made on November 3. Dkt. No. 42-44.

date). Counsel for the Hospice Plus Entities are working expeditiously to analyze the allegations and issues in the Joint Amended Complaint, but additional time is needed to properly evaluate the claims and prepare a response. The Hospice Plus Entities therefore request an extension of time to January 4, 2016, which would give them 60 days from November 3, 2015, the earlier date of service. (The 60th day falls on Saturday, January 2.)

4. Although Relators have agreed to an extension of 21 days (or until December 15 for some entities and December 22 for Curo Health Services), this limited extension is insufficient given the length of the complaint and appendices, the complex and wide-ranging allegations against more than a dozen entities and individuals, and the intervening holidays. Furthermore, the Hospice Plus Entities' requested extension is necessary to allow sufficient time to coordinate with the numerous other (separately-represented) defendants named in the action, thereby potentially reducing the number of motions filed and avoiding any unnecessary duplication of arguments.[3]

5. This request for an extension is made in good faith, and is not sought for purposes of delay. The requested extension (for a 60-day response period) is the same amount of time the Hospice Plus Entities would have received if Relators had simply requested a waiver of service under Federal Rule of Civil Procedure 4(d)—a request the Hospice Plus Entities would have certainly granted. In fact, before being served, counsel for the Hospice Plus Entities reached out to Relators' counsel and explicitly offered to waive service, but received no response.

---

[3] Relators have also offered an additional extension of 8 days (or until December 23/December 30), though on the unacceptable condition that the Hospice Plus Entities agree to the commencement of discovery immediately upon the filing of their responses. This condition is inconsistent with the Federal Rules of Civil Procedure, and it would only create unnecessary expense and inefficiency to commence discovery prior to the resolution of any motions to dismiss.

6.  No party will be prejudiced by this extension of time. Indeed, Relators waited more than 100 days after the complaint was unsealed before attempting to serve the Hospice Plus Entities, so any claim of prejudice would ring hollow.

**PRAYER**

Accordingly, the Hospice Plus Entities respectfully request that the Court grant this Motion, order that all Hospice Plus Entities have until January 4, 2016, to answer or otherwise respond to Relators' Joint Amended Complaint, and grant all other relief to which they are entitled.

Respectfully submitted,

*/s/ Stacy L. Brainin*
Stacy L. Brainin
Texas Bar No. 02863075
stacy.brainin@haynesboone.com
Jeremy D. Kernodle
Texas Bar No. 24032618
jeremy.kernodle@haynesboone.com
Andrew W. Guthrie
Texas Bar No. 24078606
andrew.guthrie@haynesboone.com

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR DEFENDANTS HOSPICE PLUS, LP; GOODWIN HOSPICE, LLC; INTERNATIONAL TUTORING SERVICES, LLC, F/K/A INTERNATIONAL TUTORING SERVICES, INC., AND D/B/A HOSPICE PLUS; AND CURO HEALTH SERVICES, LLC F/K/A CURO HEALTH SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on counsel of record in accordance with the Federal Rules of Civil Procedure on this 13th day of November 2015.

>  */s/ Stacy L. Brainin*
> Stacy L. Brainin

## CERTIFICATE OF CONFERENCE

The Hospice Plus Entities' counsel, Stacy L. Brainin, contacted Relators' counsel, Samuel Boyd, to confer on this Motion on November 5, 6, 11, and 12, 2015. As described herein, Mr. Boyd is opposed to the relief requested in this Motion.

>  */s/ Stacy L. Brainin*
> Stacy L. Brainin