| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER SEAN CAPSHAW, et al. | § § § § | CIVIL ACTION NO.3-12CV-4457N |
| and | § § | (Consolidated with No. 3-13-cv-3392-B) |
| STATE OF TEXAS ex rel. CHRISTOPHER SEAN CAPSHAW, et al. | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | |
| BRYAN K. WHITE, M.D.; et al., | § § | JURY TRIAL DEMANDED |
| Defendants | § § § | |

**KEVIN BRYAN, BROCK WENDT, AND MARCHAND & ROSSI, LLP'S
MOTION TO RECONSIDER ORDER DENYING ATTORNEY'S FEES**

# TABLE OF CONTENTS

I.   INTRODUCTION                                                                                                    1

II.  THE COURT HAS DISCRETION TO RECONSIDER AND REVERSE ITS RULING                       3

III. DETERMINATION OF WHETHER A STATUTE, SUCH AS THE FIRST-TO-FILE RULE, DIVESTS          4
     THIS COURT OF ITS ARTICLE III SUBJECT MATTER JURISDICTION MUST BE MADE FROM
     A REASONED ANALYSIS, AND ACCORDING TO SUPREME COURT LAW.

IV.  UNDER FIFTH CIRCUIT LAW, THE STATEMENTS IN *BRANCH CONSULTANTS*, AND THE            6
     OTHER CASES CITED IN THE ORDER REGARDING JURISDICTION, ARE NOT PRECEDENT.

     A.  Dicta versus Precedent in the Fifth Circuit.                                                 6

     B.  *Branch Consultants'* statements on "jurisdiction" are not precedent.               7

     C.  Under Fifth Circuit law, none of the cases cited in the Order regarding           10
         jurisdiction are precedent.

         (1)  Fifth Circuit courts are not bound by opinions of other jurisdictions.       10

         (2)  Baxter Healthcare                                                               11

         (3)  Wilson                                                                          12

         (4)  Heineman-Guta                                                                   13

         (5)  Duxbury                                                                         13

         (6)  Carter (E.D. Va.)                                                               14

         (7)  Lujan                                                                           16

         (8)  Grynberg                                                                        17

         (9)  Lincare Holdings                                                                17

         (10) Cunningham                                                                      18

V.   UNDER THE SUPREME COURT'S "BRIGHT LINE TEST," SET FORTH IN *ARBAUGH*, AND           19
     FOLLOWED BY THE FIFTH CIRCUIT IN *SMITH*, THE FIRST-TO-FILE RULE WILL BE
     FOUND NOT TO AFFECT A COURT'S SUBJECT MATTER JURISDICTION – AS THE
     D.C. AND SECOND CIRCUITS HAVE ALREADY FOUND.

VI.   CONCLUSION       23

Certificate of Conference       24

Certificate of Service       24

## TABLE OF AUTHORITIES

**Cases**

*ACS Recovery Servs., Inc. v. Griffin*, 723 F.2d 518 (5th Cir. 2013) *(en banc),*
    *cert. denied,* 134 S. Ct. 618 (2013) ................................................................... 1, 5

*Arbaugh v. Y&H Corp.*, 380 F.3d 219 (5th Cir. 2004), *rev'd,* 546 U.S. 500 (2006) ................... 21

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .................................... 2, 5, 7, 8, 11, 19, 20, 21, 23

*Arcam Pharm. Corp. v. Faria*, 513 F.3d 1 (1st Cir. 2007) ........................................................... 12

*Austin v. Kroger Texas, L.P.*, No. 16-10502 (5th Cir. April 14, 2017) ........................................... 3

*Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716 (5th Cir. 2013) ............................................. 7

*Brown v. Wichita Cnty.*, No. 7:05-cv-108-0, 2011 WL 1562567
    (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) ................................................................... 3

*Colli v. S. Methodist Univ.*, 2011 WL 3524403 (N.D. Tex. Feb. 14, 2011) (Solis, J.) .............. 3, 4

*Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 972 F.2d 453 (1st Cir. 1992) ................ 12

*Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550
    (N.D. Tex. 2009) (Means, J.) ......................................................................... 3, 4

*Est. of Farrar v. Cain*, 941 F.2d 1311 (5th Cir. 1991) ........................................................... 10

*FDIC v. Abraham*, 137 F.3d 264 (5th Cir. 1998) ................................................................... 10

*Federal Recovery Services, Inc. v. United States*, 72 F.3d 447 (5th Cir. 1995) ........................ 1-2

*Gochicoa v. Johnson*, 238 F.3d 278 (5th Cir. 2000) ................................................................... 7

*Gonzalez v. Thaler*, 565 U.S. 134 (2012) ................................................................... 5, 20

*Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004) ................................ 17

*Hancock v. Chicago Title Ins. Co.*, No. 3:07-CV-1441-D (N.D. Tex. Jan. 25, 2013)
    (Memorandum Opinion) (Fitzwater, J.) ................................................................... 3

*Henderson v. Shinseki*, 562 U.S. 428 (2011) ................................................................... 5

*In re Cajun Elec. Power Coop., Inc.,* 109 F.3d 248 (5th Cir. 1997) ............................................. 7

*Int'l. Truck and Engine Corp. v. Bray*, 372 F.3d 717 (5th Cir. 2004) ........................................... 7

*Judicial Watch v. Dep't of the Army*, 446 F.Supp.2d 112 (D.D.C. 2006) ...................................... 4

*Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir. 1990) .......................... 3

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S.Ct. 1377 (2014) ......... 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................................................... 4, 16, 17

*M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G
(N.D. Tex. Jan. 22, 2010) (Memorandum Opinion) (Fish, J.) ...................................................4

*McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387 (M.D. La. Sept. 13, 2011) ................... 3

*Melancon v. Texaco, Inc.*, 659 F.2d 551 (5th Cir. 1981) ............................................................. 3

*Reed Elsevier v. Muchnick*, 559 U.S. 154 (2010) .......................................................... 2, 3, 5, 19

*Sarnoff v. American Home Products Corp.*, 798 F.2d 1075 (7th Cir. 1986) ..................................7

*Sebelius v. Auburn Regional Med. Ctr.*, 568 U.S. ___, 133 S.Ct. 817 (2013) .............................. 5

*Smith v. Regional Transit Authority,* 756 F.3d 340 (5th Cir. 2014) ....................... 3, 8, 19, 20, 23

*Steel Co. v. Citizens for Better Environment,* 523 U.S. 83 (1998) .......................... 2, 5, 19, 20, 22

*Stern v. Marshall*, 564 U.S. 462 (2011) .............................................................................. 5, 20

*Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998) ..................................................... 10

*T&L Computer Sys, Inc. v. Stanford*, 155 F.Supp.2d 815 (N.D. Tex. 2001) (Fish, J.) ................. 7

*Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985
(5th Cir. 1992) ...........................................................................................................    10

*United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371
(5th Cir. 2009) ................................................... 1, 2, 3, 4, 6, 7, 8, 9, 10, 12, 13, 15, 17, 19, 21

*United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293 (4th Cir. 2017) ..........................15

*United States ex rel. Carter v. Halliburton Co.*, 710 F.3d 171 (4th Cir. 2013) ............................ 15

*United States ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869 (E.D. Va. 2015) .............. 14

*United States ex rel. Carter v. Halliburton*, No. 16-1262 (4th Cir. July 31, 2017) ................ 15-16

*United States ex rel. Cunningham v. Millennium Labs., Inc.*, 202 F. Supp. 3d 198
(D. Mass. 2016) ..................................................................................................... 18-19

*United States ex rel. Doe v. Lincare Holdings, Inc.*, 2017 WL 752288
(S.D. of Miss. 2017) ........................................................................................ 17

*United States ex rel. Duxbury v. Ortho Biotech Products, L.P.,*
579 F.3d 13 (1st Cir. 2009) ........................................................................ 13-14

*United States ex rel. Hayes v. Allstate Ins. Co.*, 853 F.3d 80 (2d Cir. 2017) ............................. 23

*United States ex rel. Heineman-Guta v. Guidant Corp.*, 718 F.3d 28 (1st Cir. 2013) ................ 13

*United States ex rel. Johnson v. Planned Parenthood of Houston*, 570 F. App'x 386
(5th Cir. 2014) .................................................................................................. 9

*United States ex rel. Todd Heath v. AT&T, Inc.*, 791 F.3d 112
(D.C. Cir. 2015, cert denied) ...................................................................... 11, 23

*United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Baxter Healthcare Corp*,
772 F.3d 932 (1st Cir. 2014) ........................................... 11, 12, 13, 14, 15, 18, 19

*United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, 750 F.3d 111 (1st Cir. 2014) ..... 12, 13

*United States v. Wong*, ___U.S.___, 135 S.Ct 1625, ____, 191 L.Ed.2d 533 (2015) .................. 5

*Walburn v. Lockheed Martin Corp.,* 431 F.3d 966 (6th Cir. 2005) ...............................................15

## **Statutes**

17 U.S.C. A. §411(a) .................................................................................................................. 5

28 U.S.C. § 157(b)(5) ................................................................................................................. 5

28 U.S.C. § 2253(c)(3) ............................................................................................................... 5

28 U.S. C. §2401(b) .................................................................................................................... 5

29 U.S.C. § 1132(a)(3)(B) .......................................................................................................... 5

31 U.S.C. § 3730(b)(5) ............................................. 2, 6, 8, 9, 11, 12, 13, 15, 16, 17, 19, 22, 23

31 U.S.C. § 3730(e)(4) ........................................................................................................ 8, 15

38 U.S.C. § 7266a ...................................................................................................................... 5

42 U.S.C. § 1395oo(a)(3) ........................................................................................................... 5

**Rules**

Fed. R. Civ. P. 54 ..................................................................................................................... 3

**Other Authorities**

U.S. Const. art. III ....................................................... 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, 19, 21, 22

**Articles**

David L. Horan, *The Rules That Govern the Rules That Govern in the Fifth Circuit*,
Tex. B. J., Sept. 2004, at 622 ................................................................................................. 6

Dismissed Relators Kevin Bryan ("Bryan") and Brock Wendt ("Wendt"), and their counsel, Marchand & Rossi, LLP ("M&R") (collectively "Marchand"), request reconsideration of the Court's Order Denying their motion for attorney's fees (ECF#394) .

## I.    INTRODUCTION

On April 27, 2017, Bryan, Wendt, and M&R (collectively, "Marchand") filed a motion (ECF##314, 314-1) ("Marchand's Motion") seeking statutory expenses, fees, and costs in connection with a partial settlement reached in this case, pursuant to which the settling defendants ("Curo") received full releases, including full releases from Bryan, Wendt, and M&R, save and except for their claims for expenses, attorney fees, and costs (ECF#314-1, App. at 145). Curo responded (ECF##341, 343), and Marchand replied (ECF##369, 370) ("Marchand's Reply"). On July 10, 2017, this Court entered an Order denying Marchand's Motion, (ECF#394) ("Order").

In its Order, the Court noted that the Fifth Circuit "treats the first-to-file rule as a 'jurisdictional bar'"[1], and stated that it was "bound by Fifth Circuit precedent."[2]  The Court also noted that the Southern District of Mississippi had "treat[ed] that first-to-file bar as jurisdictional under the precedent established in *Branch Consultants*."[3] Based on these authorities, the Court held "the first-to-file rule *remains a jurisdictional bar* and under the clear precedent established in *Federal Recovery Services*, Bryan, and Wendt were not proper parties to the qui tam action and thus are not statutorily entitled to attorneys' fees or expenses."[4] That is, in the Court's view, because the first-to-file rule's limitation on who can bring an action is "jurisdictional," it never acquired Article III subject-matter jurisdiction over Bryan or Wendt, such that they were never "proper parties" to the suit; and because they were never proper parties to the suit, *Federal*

---

[1] Order at 3.
[2] Id. at 5.
[3] Id. (referring to *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.* 560 F.3d 371 (5th Cir. 2009)).
[4] Id. (emphasis added).

*Recovery Services., Inc. v. United States*[5] prohibits them from recovering their expenses, attorney's fees and costs.[6]

But by deeming *Branch Consultants*' statements on jurisdiction to be binding, the Court overlooked the Fifth Circuit's rulings on what is precedent (which is binding) versus what is dicta (which is not). Further, the Order does not address the Supreme Court's holdings that "jurisdictional" pronouncements such as those in *Branch Consultants* are *not* to be counted as precedential.[7]  As discussed in Marchand's Motion and Reply, *Branch Consultants*' reference to the first-to-file rule as "jurisdictional" is precisely the type of holding that the Supreme Court has reversed,[8] with the instruction that such "'drive-by jurisdictional rulings' [] should be accorded 'no precedential effect' on the question of whether the federal court had authority to adjudicate the claim in suit."[9] Since, as shown below, *Branch Consultants*' statements regarding jurisdiction are dicta, and also constitute a "drive-by jurisdictional ruling" proscribed by the Supreme Court and the Fifth Circuit, this Court must decide whether Congress intended 31 U.S.C. §3730(b)(5)'s first-to-file rule to divest courts' of their Article III subject matter jurisdiction.

That question, whether a statutory limitation on who can bring a cause of action, like §3730(b)(5), actually divests a court of its Article III subject matter jurisdiction, is determined under a test articulated by the Supreme Court,[10] which the Supreme Court has repeatedly

---

[5] 72 F.3d 447 (5th Cir. 1995).

[6] Order at 5. Concomitantly, because the Court found it did not have jurisdiction over Bryan and Wendt under 31 U.S.C. §3730, it applied general principles of contract formation, not §3730, to Marchand's motion to enforce Curo's settlement in principle with the government reached in October of 2016.

[7] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006); *Reed Elsevier v. Muchnick*, 559 U.S. 154, 161-62 (2010); and *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 91 (1998).

[8] *Arbaugh,* 546 U.S. at 509, 516.

[9] Id. at 511.

[10] Id. at 515-16.

described as a "a readily administrable bright line,"[11] and which the Fifth Circuit has itself

applied.[12] This Court, therefore, should grant this motion so that it can apply this standard to its

analysis. After doing so, movants respectfully submit that this Court should withdraw its finding

that it lacks Article III subject matter jurisdiction over Bryan, Wendt's and M&R's claims, and

determine a reasonable amount for Marchand's expenses, attorney's fees and costs.

## II.  THE COURT HAS DISCRETION TO RECONSIDER AND REVERSE ITS RULING.

In the Fifth Circuit, under Rule 54(b), a court may reconsider and reverse any decision

for any reason it deems sufficient:

> Under Rule 54(b), "the trial court is free to reconsider and reverse its decision
> for any reason it deems sufficient, even in the absence of new evidence or an
> intervening change in or clarification of the substantive law." *Lavespere v.
> Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing
> Fed.R.Civ.P. 54(b)), *abrogated on other grounds*, *Little*, 37 F.3d at 1075 n.14;
> *see also McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D.
> La. Sept. 13, 2011) ("Yet, because the district court is faced on with an
> interlocutory order, it is free to reconsider its ruling 'for any reason it deems
> sufficient, even in the absence of new evidence or an intervening change in or
> clarification of the substantive law.'" (quoting *Brown v. Wichita Cnty.*, No. 7:05-
> cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011))).[13]

The courts of the Northern District of Texas take this same approach.[14] As shown below, because:

(1) the "jurisdictional" pronouncements in *Branch Consultants* are not precedent under Fifth

---

[11] *Id.* at 516; *Reed Elsevier,* 559 U.S. at 161-62; and *Smith v. Regional Transit Authority*, 756 F.3d 340, 344 (5th Cir. 2014).

[12] *Smith*, 756 F.3d at 344.

[13] *Austin v. Kroger Texas, L.P.*, No. 16-10502, (5th Cir. April 14, 2017).

[14] *Hancock v. Chicago Title Ins. Co.*, No. 3:07-CV-1441-D, *1-2 (N.D. Tex. Jan. 25, 2013) (Memorandum Opinion) (Fitzwater, J.):

> Because the court's interlocutory summary judgment decision did not result in a final judgment,
> Fed. R. Civ. P. 54(b) governs whether the court reconsiders its summary judgment ruling. *See
> Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009)
> (Means, J.). The court "possesses the inherent procedural power to reconsider, rescind, or
> modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*,
> 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (internal quotation marks
> omitted) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "Such a motion

Circuit law, (2) the Supreme Court and Fifth Circuit have instructed courts not to treat such "jurisdictional" pronouncements as precedent, and (3) an analysis of whether the first-to-file rule divests this Court of its Article III subject matter jurisdiction shows that it does not, the Court should reconsider and reverse its Order denying Marchand's Motion for attorney's fees.

### III. DETERMINATION OF WHETHER A STATUTE, SUCH AS THE FIRST-TO-FILE RULE, DIVESTS THIS COURT OF ITS ARTICLE III SUBJECT MATTER JURISDICTION MUST BE MADE FROM A REASONED ANALYSIS, AND ACCORDING TO SUPREME COURT LAW.

When Bryan and Wendt filed their original complaint alleging the Curo Defendants had violated the False Claims Act, and sought to recover damages on behalf of the United States, the Court acquired subject matter jurisdiction over their claims under Article III of the Constitution, and they, concomitantly, established their Constitutional standing before the Court.[15] Because "a

---

requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011 (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 446 F.Supp.2d 112, 123 (D.D.C. 2006)). The decision "whether to grant such a motion rests within the discretion of the court." *Colli*, 2011 WL 3524403, at *1 (citation omitted).

*See also, M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, *2-3 (N.D. Tex. Jan. 22, 2010) (Memorandum Opinion) (Fish, J.):

> However, Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of [a final judgment]." The court's order striking and unfiling Bishop's motion to dismiss was an interlocutory order, so the court will consider Bishop's motion for reconsideration under Rule 54(b):

>> [R]econsideration of an interlocutory decision is available under the standard "as justice requires." "As justice requires" indicates concrete considerations of whether the court . . . has made an error not of reasoning but apprehension . . . . These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining whether reconsideration is necessary under the relevant circumstances.

> *Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (citations and quotation marks omitted); see also *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.).

[15] Whether a plaintiff's allegations meet Article III's requirements and thus satisfy "the Constitution's central mechanism of separation of powers" so as to reside among the "Cases" and "Controversies" "that are the business of the courts rather than of the political branches," *Lujan v. Defenders of Wildlife*, 504 U.S.

4

federal court's 'obligation' to hear and decide" cases within its jurisdiction "is 'virtually unflagging,'"[16] before this Court can determine that a statute divests it of its Article III subject matter jurisdiction it must "inquire whether Congress has '*clearly state[d]*' that the rule *is* jurisdictional;" and, "absent such a clear statement, [the Supreme Court has] cautioned, 'courts should treat the restriction as non-jurisdictional in character.'"[17] This applies to all manner of statutory limitations on who may bring causes of action, in what court, and when.[18] In particular, regarding statutory limits on when an action may be brought, the Supreme Court has said, "time and again we have described filing deadlines as 'quintessential claim-processing rules,' which "seek to promote the orderly progress of litigation,' but do not deprive a court of authority to hear a case.'"[19] Moreover, **"Congress must do something special, *beyond setting an exception-free deadline*, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it;" and** "traditional tools of statutory construction must plainly show that Congress imbued a procedural

---

555, 560, 576 (1992) (citations omitted), requires only allegation of "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" and that is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.*

[16] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S.Ct. 1377, 1386 (2014).

[17] *Sebelius v. Auburn Regional Med. Ctr.*, 568 U.S. ___, ___, 133 S.Ct. 817, 824 (2013) (citing *Arbaugh,* 546 U.S. at 515-516); *United States v. Wong*, ___U.S.___, ___, 135 S.Ct 1625, ____, 191 L.Ed.2d 533, 542 (2015); *Henderson v. Shinseki*, 562 U.S. 428, 435-36 (2011); *Stern v. Marshall*, 564 U.S. 462, 480 (2011).

[18] These include: (1) the limit on Title VII's applicability to employers of 15 or more, *Arbaugh*, 546 U.S. at 516, (2) 28 U.S.C. §157(b)(5)'s command that "personal injury torts and wrongful death claims shall be tried in the district courts," *Stern*, 564 U.S. at 480, (3) 42 U.S.C. §1395oo(a)(3)'s 180 day time limit for health care providers to seek administrative review, *Sebelius*, 133 S.Ct. at 824, (4) 38 U.S.C. §7266a's 120 day time limit to file a notice of appeal with the Veterans Court, *Shinseki*, 562 U.S. at 435-36, (5) the Federal Tort Claims Act's command that an action against the federal government "shall be forever barred" if two deadlines are not met, *Wong*, 191 L.Ed.2d at 542 (28 U.S.C. §2401(b)), (6) 28 U.S.C. §2253(c)(3)'s mandate that a habeas petitioner must obtain a certificate of appealability to appeal a federal district court's final order in a habeas proceeding, *Gonzalez v. Thaler*, 565 U.S. 134, 141-42 (2012), (7) the Copyright Act's requirement that copyright holders register their works before suing for infringement, *Reed Elsevier*, 559 U.S. at 161-62 (17 U.S.C.A. §411(a)), and (8) the extent of ERISA's grant of a cause of action allowing fiduciaries to obtain "appropriate equitable relief," (29 U.S.C. §1132(a)(3)(B)), *ACS Recovery Servs, Inc. v. Griffin*, 723 F.2d 518, 522-23 (5th Cir. 2013) (en banc), *cert. denied*, 134 S.Ct. 618 (2013) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), reversing panel decision finding statute's limitation was jurisdictional).

[19] *Wong*, 191 L.Ed.2d at 542.

bar with jurisdictional consequences."[20]

**However, the Fifth Circuit has never made such analysis of §3730(b)(5)'s first-to-file rule, nor have any of the courts to whose opinions the Order cites for the proposition that this provision *is* "jurisdictional," nor did any of those opinions' ancestors or cited cases.** Because Article III imbues federal courts with the authority to decide "cases," and because the Supreme Court has admonished courts to analyze statutes to determine if Congress clearly intended them to divest courts of that authority, this Court cannot eschew its jurisdiction based upon conclusory "jurisdictional" pronouncements that were not arrived at in the manner prescribed by the Supreme Court – no matter how many times they may have been parroted in opinion after opinion. Supreme Court precedent and the Fifth Circuit's law of precedent both forbid it.

IV. **UNDER FIFTH CIRCUIT LAW, THE STATEMENTS IN *BRANCH CONSULTANTS*, AND THE OTHER CASES CITED IN THE ORDER REGARDING JURISDICTION, ARE NOT PRECEDENT.**

A. **Dicta versus Precedent in the Fifth Circuit**

The Court's Order is predicated on the view that the assertions in *Branch Consultants*, that the first-to-file rule is "jurisdictional," are precedent. Movants respectfully submit that the Fifth Circuit's holdings on what is dicta versus what is precedent warrant a different result.[21] In the Fifth Circuit, a statement is dictum if it "could have been deleted without seriously impairing the analytical foundations of the holding--[and], being peripheral, may not have received the full and

---

[20] *Id.* (emphasis added).

[21] As noted by (Hon.) David L. Horan:

> An attorney will sometimes face the question of whether a prior Fifth Circuit decision that discusses or mentions (or *could have* discussed or mentioned) the issue at hand has, for precedential purposes, said anything at all. Some attorneys take the position that, if the federal court of appeals took the trouble to write something in an opinion, what is said controls and far be it from them to suggest anything to the contrary. Although this cautious approach is understandable, the court of appeals itself and the district courts are likely to be more discriminating and to pay more attention to concepts like dicta and alternative holdings.

David L. Horan, *The Rules That Govern the Rules That Govern in the Fifth Circuit*, Tex. B. J., Sept. 2004, at 622.

careful consideration of the court that uttered it."[22] Statements that are dictum are not binding.[23] "[N]on-binding dictum [is] *unrelated to the issue addressed by the decision* of the court."[24] By contrast, precedent is "not only the result but also those portions of the opinion *necessary to that result . . . .*"[25] Precedent requires courts "to adhere not only to the holdings of [ ] prior cases, but also to their explications of the governing rules of law,"[26] that is, "explication[s] of the law governing [a court's] analysis."[27] For the pronouncements in *Branch Consultants* to be binding precedent under Fifth Circuit law, they must be either the holding itself, or necessary to it.[28] But if they "could have been deleted without seriously impairing the analytical foundations of the holding," or if they are "unrelated to the issue addressed by the decision of the court," they are non-binding dicta.[29]

**B**. *Branch Consultants'* **statements on "jurisdiction" are not precedent.**

*Branch Consultants'* pronouncements on the "jurisdictional" nature of the first-to-file rule were unprincipled – that is, they were bare statements that had nothing to do with the question presented; and the Fifth Circuit has stated that such unprincipled jurisdictional holdings have been "called into question" by the Supreme Court's opinion in *Arbaugh v. Y&H Corp.*[30]

---

[22] *Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 721 (5th Cir. 2013); *Int'l. Truck and Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004); *Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000); *In re Cajun Elec. Power Coop., Inc.*, 109 F.3d 248, 256 (5th Cir. 1997) (citing *Sarnoff v. American Home Products Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986)(Posner, J.)); *See also T&L Computer Sys, Inc. v. Stanford*, 155 F.Supp.2d 815, 818 n.2 (N.D. Tex. 2001) (Fish, J.) ("These declarations should be considered *dicta* because they " 'could have been deleted without seriously impairing the analytical foundations of the holding[s]--[and], being peripheral, may not have received the full and careful consideration of the court that uttered it.'") (citing *In re Cajun Elec. Power Coop.*).
[23] *Gochicoa*, 238 F.3d at 286 n.11; *Bray*, 372 F.3d at 721.
[24] *Baker*, 721 F.3d at 721 (emphasis added).
[25] *Gochicoa*, 238 F.3d at 286 n.11 (emphasis added).
[26] Id. (emphasis added).
[27] *Bray*, 372 F.3d at 721.
[28] *Gochicoa*, 238 F.3d at 286 n.11.
[29] *Baker*, 721 F.3d at 721; *Bray*, 372 F.3d at 721; *Gochicoa*, 238 F.3d at 286 n.11; *In re Cajun Elec. Power Coop., Inc.*, 109 F.3d at 256.
[30] *Smith v. Regional Transit Authority*, 756 F.3d 340, 346 n.6 (5th Cir. 2014) (referring to *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006)).

Here are all of the relevant statements in *Branch Consultants* containing the words "jurisdiction" or "jurisdictional," as they pertain to the first-to-file bar:[31]

> Relator Branch Consultants appeals the district court's dismissal of its False Claims Act (FCA) complaint under the FCA's first-to-file jurisdictional bar.[32]

> We agree with the district court that Branch cannot avoid §3730(b)(5)'s jurisdictional bar by merely adding details and geographic locations to the material allegations contained in *Rigsby*. [33]

> To promote the latter goal, Congress has placed a number of jurisdictional limits on the FCA's *qui tam* provisions, including §3730(b)(5)'s first-to-file bar. Under this provision, if Branch's claim had already been filed by another, the district court lacked subject matter jurisdiction and was required to dismiss the action. [34]

> Accordingly, as long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, §3730(b)(5)'s jurisdictional bar applies.[35]

None of these statements, alone or in the context of the opinion, suggests the Court was determining, or even considering, whether the first-to-file rule divests a court of its Article III subject matter jurisdiction. To the contrary, the Court expressly stated the question it *was* addressing as follows:

> The question then becomes whether the district court properly applied this standard, *i.e.*, *whether Branch's complaint avoids the potential preclusive effect of Rigsby because it alleges different details, different geographic locations, and different wrongdoers.*[36]

That is, the court in *Branch Consultants* did not undertake to decide whether the first-to-file bar divests a court of its Article III subject matter jurisdiction.

Moreover, such a determination would have had no effect on the court's determination of whether Branch's complaint alleged sufficiently different "details," "geographic locations," and

---

[31] All of the other occurrences of the words "jurisdiction" or "jurisdictional" in the opinion either appear in a recitation of the trial court's holding, concern general principles of judicial review, or refer to the public disclosure bar under §3730(e)(4).

[32] *Branch Consultants*, 560 F.3d at 373.

[33] Id.

[34] Id. at 376.

[35] Id. at 378.

[36] Id. (emphasis added).

"wrongdoers" to avoid the effect of the first-to-file rule. Whether the first-to-file rule is or is not "jurisdictional" made no difference to the outcome in *Branch Consultants*.[37] And, under Fifth Circuit law of precedent, all of these references to "jurisdiction" or "jurisdictional" "could have been deleted without seriously impairing the analytical foundations of the holding:"

> Relator Branch Consultants appeals the district court's dismissal of its False Claims Act (FCA) complaint under the FCA's first-to-file [~~jurisdictional~~] bar.

> We agree with the district court that Branch cannot avoid §3730(b)(5)'s [~~jurisdictional~~] bar by merely adding details and geographic locations to the material allegations contained in *Rigsby*.

> To promote the latter goal, Congress has placed a number of [~~jurisdictional~~] limits on the FCA's *qui tam* provisions, including §3730(b)(5)'s first-to-file bar. Under this provision, if Branch's claim had already been filed by another, the district court [~~lacked subject matter jurisdiction and~~] was required to dismiss the action.

> Accordingly, as long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, §3730(b)(5)'s [~~jurisdictional~~] bar applies.

Not only does deletion of these references to "jurisdiction" not "seriously" impair the analytical foundations of the holding in *Branch Consultants*, it doesn't impair them at all, as the holding concerned whether Branch's allegations of different details, different geographic locations, and different wrongdoers nevertheless constituted "the same material or essential elements of fraud."[38] The references to jurisdiction were therefore not "necessary to the

---

[37] Likewise, the opinion in *United States ex rel. Johnson v. Planned Parenthood of Houston*, 570 F. App'x 386 (5th Cir. 2014) contains only two occurrences of the words "jurisdiction" or "jurisdictional" regarding the first-to-file rule (other than reciting procedural history or standards for review):

> To achieve these goals, there are a number of <u>jurisdictional</u> limits on the FCA's *qui tam* provisions, including its first-to-file bar, which provides that the district court lacks subject matter <u>jurisdiction</u> to hear the claim if a previously-filed suit contains the same "material elements" or "essential facts" as the later-filed suit. Id. at 389.

Neither reference even suggests the court undertook to determine whether the first-to-file rule affects a court's Article III subject matter jurisdiction, nor would such a jurisdictional determination have affected the court's determination of whether a previously filed complaint contained the same "material elements" or "essential facts" as the plaintiff's complaint at bar.

[38] *Branch Consultants*, 560 F.3d at 378.

result."[39] Since these "jurisdictional" pronouncements in *Branch Consultants* were not its holding, and did not in any way support or even inform its holding, they are not "precedent," and do not bind this Court. Nor, as discussed below, are they even arguably "persuasive."

The Fifth Circuit has never been asked to decide whether the first-to-file rule's limitation on who can bring a False Claims Act case divests a court of its Article III subject matter jurisdiction. But before addressing the issue head on (for which the Supreme Court has provided a "bright line test"), the question is whether there are any other authorities directly on point that bind this Court to a particular result. In its Order, the Court cited cases from other circuits and district courts.[40]

### C. Under Fifth Circuit law, none of the cases cited in the Order regarding jurisdiction are precedent.

**(1)** Fifth Circuit courts are not bound by opinions of other jurisdictions.

The Fifth Circuit is a "strict *stare decisis* court,"[41] whereby it and its district courts are bound on matters of federal law by decisions of the Supreme Court and of the Fifth Circuit sitting *en banc*.[42] Although there is no rule in the Fifth Circuit of intercircuit *stare decisis*,[43] the Fifth Circuit will not create conflicts with its sister circuits lightly, and circulates draft opinions that would do so to all active members of the Court for comment before issuing such an opinion. [44]

The Order asserts that "[t]here is a clear circuit split as to whether the first-to-file rule is jurisdictional,"[45] and it begins its explanation for this assertion by citing the

---

[39] Id. n.10 (". . . we hold that the *Rigsby* complaint is a 'first-filed' complaint as to State Farm.")
[40] Order at 4-5.
[41] *FDIC v. Abraham*, 137 F.3d 264, 268 (5th Cir. 1998).
[42] *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992).
[43] *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 832 (5th Cir. 1998).
[44] *Est. of Farrar v. Cain*, 941 F.2d 1311, 1316 n.22 (5th Cir. 1991), *aff'd sub nom. Farrar v. Hobby*, 506 U.S. 103 (1992).
[45] Order at 4.

First Circuit case of *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Baxter Healthcare Corp*[46], and the D.C. Circuit case of *U.S. ex rel. Heath v. AT & T, Inc.*[47] This Court's characterization of *Baxter Healthcare* as part of the "split" among the circuits implies that case is binding precedent in the First Circuit. But it isn't. Moreover, the lineage of First Circuit citations ending with *Baxter Healthcare* illustrates perfectly the Supreme Court's concerns that courts "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim."[48] As shown in detail below, *Baxter Healthcare* is the last in a series of four First Circuit opinions, dating back to 2009, that dutifully repeat that the first-to-file rule is "jurisdictional," while *never even considering*, much less deciding, whether it was. To be clear: not one of the First Circuit cases in the line ending with *Baxter Healthcare* makes anything other than a bare reference to the first-to-file rule as being "jurisdictional;" and not one of them remotely considers the question of whether §3730(b)(5) divests a court of its Article III subject matter jurisdiction, much less applies the Supreme Court's "bright line test" to do so. On the issue upon which the Court's Order rests, neither *Baxter Healthcare* nor its ancestors constitute precedent, and thus provide no "split" with any holding in other circuits.

> **(2)**    Baxter Healthcare: *Baxter Healthcare*'s only mention of whether the first-to-file rule is jurisdictional says, "[t]he 'first-to-file rule' is, at least in this circuit, jurisdictional."[49] Then, immediately thereafter, it *expressly disregards that as an issue*

---

[46] 772 F.3d 932, 936 (1st Cir. 2014).
[47] 791 F.3d 112, 119 (D.C. Cir. 2015). Order at 4.
[48] *Arbaugh,* 546 U.S. at 511.
[49] *Baxter Healthcare*, 772 F.3d at 936 (citing *United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.,* 750 F.3d 111, 117 (1st Cir. 2014)).

*controlling its decision*: "And so we skip over these various issues . . . so we may focus on an issue that precedes them all: *whether the District Court was right to accept Baxter's first-to-file defense*."[50] The opinion makes no further mention of jurisdiction. So, like *Branch Consultants*, *Baxter Healthcare* is entirely devoid of precedential value, both under Fifth Circuit law and under First Circuit law.[51] Yet, since *Baxter Healthcare*'s dictum statement, that the first-to-file rule "is jurisdictional," cites to yet another First Circuit case, that cited case also merits scrutiny.

    **(3)**   Wilson: Like *Baxter Healthcare*, the case it cites, *United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*,[52] contains a single mention of the jurisdictional nature of the first-to-file rule: "[t]he FCA first-to-file rule is jurisdictional, and we review a dismissal on those grounds."[53]  It says nothing more about the first-to-file rule. Rather, instead of addressing whether the first-to-file rule does or does not divest a court of its Article III subject matter jurisdiction, *Wilson* addresses "the scope of the first-to-file rule of the federal False Claims Act ("FCA" ), 31 U.S.C. §3730(b)(5), and the application of the 'essential facts' test to determine whether a later-filed complaint is barred by earlier-filed complaints under this provision."[54] So, like *Branch Consultants* and *Baxter Healthcare*, *Wilson* holds no precedential or persuasive value for this Court. Yet, like *Baxter Healthcare*, *Wilson*'s lone jurisdictional reference does cite to a prior First Circuit opinion, *United States ex rel. Heineman-Guta v. Guidant Corp.*[55]

---

[50] *Id.* at 937 (emphasis added).
[51] *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 972 F.2d 453, 459 (1st Cir. 1992) ("This Court has defined 'obiter dictum' as 'observations relevant, but not essential, to the determination of the legal questions then before the court.'"); *Arcam Pharm. Corp. v. Faria*, 513 F.3d 1, 3 (1st Cir. 2007) (dictum is "an assertion in a court's opinion of a proposition of law which does not explain why the court's judgment goes in favor of the winner").
[52] 750 F.3d 111 (1st Cir. 2014).
[53] Id. at 117.
[54] Id. at 113.
[55] 718 F.3d 28, 34 (1st Cir. 2013).

**(4)** Heineman-Guta: Like *Baxter Healthcare* and *Wilson*, *Heineman-Guta* contains a single mention of the jurisdictional nature of the first-to-file rule: "The FCA also, however, includes certain jurisdictional bars, limiting a district court's subject matter jurisdiction over qui tam actions. As relevant to this case, the 'first-to-file" rule bars a 'person other than the Government' from 'bring[ing] a related action based on the facts underlying the pending action.'"[56] But that's all it says about "jurisdiction." And, far from addressing the issue of whether §3730(b)(5) divests a court of its Article III subject matter jurisdiction, it sought to answer "an issue of first impression in [the First Circuit], that is whether §3730(b)(5) requires the first-filed complaint to meet the heightened pleading standards of Rule 9(b) to bar a later-filed complaint." So, like *Branch Consultants*, *Baxter Healthcare*, and *Wilson*, *Heineman-Guta* holds no precedential or persuasive value in the First Circuit, or for this Court. Yet, it's lone jurisdictional reference cites to a prior (and final) First Circuit opinion, *United States ex rel. Duxbury v. Ortho Biotech Products, L.P.*[57]

**(5)** Duxbury: Like *Baxter Healthcare*, *Wilson*, and *Heineman-Guta*, *Duxbury* does not address the issue presented here: whether the first-to-file rule divests this Court of its Article III subject matter jurisdiction. Like the other cases, *Duxbury* makes the assertion:

> As a result of these amendments, the FCA includes jurisdictional bars that limit a district court's subject matter jurisdiction over qui tam actions. Two of these bars are relevant to this action. The first, known as the " public disclosure" bar, provides that a court does not have subject matter jurisdiction over any qui tam action that is "based upon the public disclosure of allegations or transactions" concerning the alleged fraud, unless, among other things, "the person bringing the action is an original source of the information. . . . The second, known as the "first-to-file" bar, provides that when a potential relator brings an FCA action, "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."[58]

---

[56] Id. (citations omitted).
[57] 579 F.3d 13 (1st Cir. 2009).
[58] Id. at 16.

That is all the opinion says about the first-to-file rule being jurisdictional. It cites to no prior judicial opinions, either in the First Circuit or elsewhere. Moreover, *Duxbury*'s reference to the first-to-file rule being "jurisdictional" could be deleted without "impairing the analytical foundations of the holding" *at all*. Under the law of the Fifth Circuit on what is dicta versus what is precedent, as well as the corresponding law in the First Circuit, *Duxbury*'s pronouncements regarding the first-to-file rule being "jurisdictional" are dicta, and cannot be relied upon here as precedent on that issue.

In each and every one of these First Circuit cases, from *Baxter Healthcare* back to *Duxbury*, the references to the first-to-file rule being "jurisdictional" could all be deleted without "impairing the analytical foundations of the holding." Since none of the First Circuit's "jurisdictional" pronouncements regarding the first-to-file rule relate in any way to the holdings or analyses of the opinions in which they appear, do not address any issue determined by any of those opinions, and could all be deleted without even affecting the analytical foundations of those opinions, they are bare dicta, and do not constitute precedent under any applicable law. They do not, therefore, pose any conflict with any holding in other jurisdictions.

(6) Carter (E.D. Va.): In further support of its assertion that there is a "clear split as to whether the first-to-file rule is jurisdictional," the Order cites an opinion from the Eastern District of Virginia, *U.S. ex rel. Carter v. Halliburton Co.*, which, the Order notes, collects cases on the issue.[59] Setting aside the fact that opinions of other district courts are not precedent in the Fifth Circuit[60], <u>*Carter* expressly disavows reliance on the first-to-file rule as being jurisdictional</u>: "Even if the first-to-file bar were to sound in nonjurisdictional terms, however, *the result in this case*

---

[59] 144 F. Supp. 3d 869, 881 n.6 (E.D. Va. 2015). Order at 4-5.
[60] *Transportation Ins. Co.*, supra, 953 F.2d at 988.

*would not change*. . . . Thus, the Court presents both standards here."[61] Second, *Carter*'s ancestors, like *Baxter Healthcare* and its ancestors in the First Circuit, contain only bare references to the first-to-file rule being jurisdictional, and none of those courts were asked to determine whether the first-to-file rule is in fact "jurisdictional."[62]    *Carter* and its ancestors, therefore provide no

---

[61] *Carter*, 144 F. Supp. 3d at 884 n.1 (citing *U.S. ex rel. Heath v. AT & T, Inc*., 791 F.3d 112, 119 (D.C. Cir. 2015) (emphasis added)).

[62] For the proposition that "In this circuit, the first-to-file bar is jurisdictional," *Carter* cites *U.S. ex rel. Carter v. Halliburton Co*., 710 F.3d 171, 182 (4th Cir. 2013) [sic] (the pin cite should be to page 181 of the opinion), hereinafter "*Carter (2013)*." *Carter (2013)* contains three references to the first-to-file rule being "jurisdictional":

> To reconcile these conflicting goals, the FCA has placed jurisdictional limits on its qui tam provisions, including §3730(b)(5)'s first-to-file bar and §3730(e)(4)'s public disclosure provision.

> Under the first-to-file bar, if Carter's claims had been previously filed by another relator, then the district court lacked subject matter jurisdiction.

> Section 3730(b)(5) is jurisdictional and if an action is later filed that is based on the facts underlying the pending case, the court must dismiss the later case for lack of jurisdiction. *See Walburn v. Lockheed Martin Corp.,* 431 F.3d 966, 970 (6th Cir. 2005).

*Id*. These are the only references in *Carter (2013)* to the "jurisdictional" nature of the first-to-file rule, none of which underpin its holding, and all of which could be deleted without impairing its result: "We agree that once a case is no longer pending the first-to-file bar does not stop a relator from filing a related case." Id. at 183.   *Carter (2013)*, like *Carter*, is not precedent under Fifth Circuit law, and thus presents no "conflict" among the circuits.

*Carter (2013)* also cites to a Sixth Circuit case, *Walburn v. Lockheed Martin Corp.,* 431 F.3d 966, 970 (6th Cir. 2005). But here's all *Walburn* says on the "jurisdictional" nature of the first-to-file rule:

> To further the latter policy, Congress has placed a number of jurisdictional limitations on *qui tam* actions, two of which are relevant here: the first-to-file bar of 31 U.S.C. §3730(b)(5) and the public disclosure bar of 31 U.S.C. §3730(e)(4)(A).

*Id*. at 970.  As with all the other cases purporting to "hold" that the first-to-file rule is "jurisdictional," this statement has nothing to do with the court's holding: "Because the district court lacked jurisdiction under U.S.C. §3730(e)(4), its dismissal of Walburn's complaint is affirmed." Id. at 976 (emphasis added). The remainder of *Walburn*'s references to "jurisdiction" or "jurisdictional" are either to the case's procedural history, general legal principles, or to the public disclosure bar. *Walburn* thus does not constitute precedent, and cannot constitute a "conflict" with the law in other jurisdictions.

Finally, *Carter (2013)* has itself been cited twice by the Fourth Circuit, without reanalysis or further comment, for the proposition that the first-to-file rule is "jurisdictional."  See *U.S. ex rel. Carson v. Manor Care, Inc*., 851 F.3d 293, 303 (4th Cir. 2017) (also citing *Branch Consultants*); and *U.S. ex rel. Carter v. Halliburton*, No. 16-1262, *2 n.1 (sect. I.A) (4th Cir. July 31, 2017). As with all the other cases purporting to "hold" the first-to-file rule implicates a court's Article III subject matter

"conflict" with the law of other jurisdictions, and no precedent that is binding on this Court.  The same is true of the cases *Carter* cites.

 **(7)** Lujan: *Carter* also cites *United States ex rel. Lujan, v. Hughes Aircraft Co.*,[63] for the comment, "other courts appear to agree that the first-to-file bar is jurisdictional."[64] As with the other cases cited, directly or indirectly, by the Order, *Lujan's* only statements regarding the "jurisdictional" nature of the first-to-file rule are as follows:

> We affirm the district court's dismissal of Lujan's qui tam action for lack of subject matter jurisdiction under §3730(b)(5).[65]

> Hughes moved to dismiss Lujan's qui tam action under the 31 U.S.C. §3730(b)(5) first-to-file jurisdictional bar.[66]

> We first determine whether the district court had the power to decide the §3730(b)(5) jurisdictional challenge.[67]

> Therefore, the law of the case did not foreclose consideration of the §3730(b)(5) jurisdiction issue. Even if we had decided the 3730(b)(5) jurisdictional question in Lujan's favor, we can correct that decision to prevent manifest injustice.[68]

All of these references to "jurisdiction" or "jurisdictional" could be deleted without impairing *Lujan*'s holdings:

> We hold that §3730(b)(5) establishes an exception-free, first-to-file bar. We further hold that subsequently dismissed cases constitute pending actions under § 3730(b)(5). Finally, we hold that a "material facts," not "identical facts," test should be used to determine if a "related action [is] based on the facts underlying the pending action."[69]

The holding in *Lujan*, therefore, does not compel the result reached in the Order.

---

jurisdiction, none of the references in these cases underpin their holdings, and all mention of the first-to-file rule being jurisdictional could be deleted without affecting the result.  They are, therefore, not precedent.

[63] 243 F.3d 1181 (9th Cir. 2001).

[64] *Carter*, 144 F. Supp. 3d at 881 n.6.

[65] Id. at 1183.

[66] Id. at 1186.

[67] Id.

[68] Id. at 1187.

[69] Id. at 1183.

**(8)** Grynberg: The Order also cites *Grynberg v. Koch Gateway Pipeline Co.*,[70] for its statement that the first-to-file rule "is a jurisdictional limitation on the courts' power to hear certain duplicative qui tam suits."[71] Yet, *Grynberg* makes this statement with a cite to *Lujan*, *supra*, but no further comment on what role, if any, this proposition plays in the result. It's therefore yet another example of the type of "drive-by jurisdictional ruling" proscribed by the Supreme Court, as discussed below; and doesn't constitute precedent under Fifth Circuit law.

**(9)** Lincare Holdings: Observing that "[a]t least one court within the Fifth Circuit that has addressed this issue post *Carter* continued to treat the first-to-file bar as jurisdictional under the precedent established in *Branch Consultants*, the Order points to *United States ex rel. Doe v. Lincare Holdings, Inc.*[72] But, like the cases already discussed, *Lincare Holdings* has only two statements about the first-to-file rule being "jurisdictional,"[73] neither of which has any bearing on the analytical foundation of the holding, as what the court sought to determine was whether "the later-filed complaint allege[d] the same material or essential elements of fraud described in [the] pending *qui tam* action."[74] The Order's reference to the case being "post *Carter*" would seem to suggest the *Lincare Holdings* court took account of the argument advanced by Marchand in his Motion, but the text of the opinion says nothing about *Carter*. Finally, because *Lincare Holdings* is from another district court, it is not precedent that binds this Court, nor, given its total lack of reasoning for its references to §3730(b)(5) being "jurisdictional," is it persuasive.

---

[70] 390 F.3d 1276, 1279 (10th Cir. 2004).

[71] *Carter*, 144 F. Supp. 3d at 881 n.6.

[72] 2017 WL 752288, at *3 (S.D. of Miss. 2017).

[73] Id. at *2 ("This jurisdictional bar was enacted 'to discourage opportunistic plaintiffs from filing parasitic lawsuits that merely feed off previous disclosures of fraud.'" "Section 3730(b)(5)'s jurisdictional bar will apply 'so long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action.'")

[74] Id.

**(10)** Cunningham: The Order further cites *United States ex rel. Cunningham v. Millennium Labs., Inc.*,[75] for the proposition that "courts in other circuits that likewise treat the first-to-file rule as jurisdictional have continued to do so post *Carter*."[76] But *Cunningham* offers no more precedent for this Court than the cases discussed above. As an opinion of a district court, and from another circuit, it is not precedent under Fifth Circuit law, even if it could offer any analysis or persuasion to inform the issue before this Court. But *Cunningham* offers no such help. After citing *Baxter Healthcare* for the proposition that the First Circuit "considers the first-to-file provision to be jurisdictional," the court rejected the claimant's assertion that his declaratory judgment action (for a share of the Relator's award) was not subject to the first-to-file rule, since, the court found, that action was "a related action" under the first-to-file provision.[77] The court then rejected the claimant's argument that his declaratory judgment action was not a "pending case" under the first-to-file rule, and thus not subject to it.[78] Lastly, on the issue of "jurisdiction," the court rejected the claimant's argument that the court retained jurisdiction over his action under 28 U.S.C. §1331, saying, "The first to file provision serves as an exception to the Court's jurisdiction. It operates, therefore, to exclude 'related actions' which would normally fall within the Court's jurisdiction, including McGuire's [declaratory judgment] cross-claim."[79] As with all the other cases discussed above, this "ruling" did not depend on whether the first-to-file rule implicated the court's jurisdiction, because even if the court *had* jurisdiction (which it did), the first-to-file rule's limitation on who can bring an action still applied to bar the claimant's declaratory judgment action, <u>since the court had already found it was "a related action."</u> And nothing in *Cunningham*

---

[75] 202 F. Supp. 3d 198, 204 (D. Mass. 2016).
[76] Order at 5.
[77] *Cunningham*, 202 F. Supp. 3d at 203.
[78] *Id.* at 203-04.
[79] *Id.* at 204.

sheds any light on why the court found the first-to-file rule was "jurisdictional," as it simply quoted *Baxter Healthcare* for that proposition. *Cunningham* is therefore neither precedent, nor persuasive.

As the foregoing demonstrates, no court has, as a predicate necessary to its holding, engaged in an analysis of whether the first-to-file rule's limitation on who may bring an action divests a court of its Article III subject matter jurisdiction, and decided that it did. There are thus no authorities directly on point that bind this Court to a finding the first-to-file rule deprived it of its subject matter jurisdiction over Bryan and Wendt's claims under §3730(d). Nor are any of the authorities cited in the Order even arguably persuasive that it did, <u>as none of them contain any analytical reasoning for such a result</u>. But if the Court applies the Supreme Court's "bright line test" to §3730(b)(5), it will find that the first-to-file rule does not affect this Court's Article III subject matter jurisdiction, as the D.C. Circuit and Second Circuit have already determined.

**V.** **UNDER THE SUPREME COURT'S "BRIGHT LINE TEST," SET FORTH IN *ARBAUGH*, AND FOLLOWED BY THE FIFTH CIRCUIT IN *SMITH*, THE FIRST-TO-FILE RULE WILL BE FOUND NOT TO AFFECT A COURT'S SUBJECT MATTER JURISDICTION – AS THE D.C. AND SECOND CIRCUITS HAVE ALREADY FOUND.**

The Order is also silent regarding the Supreme Court cases cited in Marchand's Motion and Reply regarding the type of jurisdictional pronouncements in *Branch Consultants*. Since 2006, the Supreme Court has repeatedly instructed its lower courts that "unrefined," "drive-by jurisdictional rulings" are <u>not</u> to be regarded as precedent on the question of whether a court has Article III subject matter jurisdiction to adjudicate a claim, an instruction the Fifth Circuit has obeyed.[80] As explained by the Supreme Court, these types of jurisdictional "rulings" are, unfortunately, not uncommon:

---

[80] *Reed Elsevier*, 559 U.S. at 161-62; *Arbaugh.*, 546 U.S. at 511; *Steel Co.*, 523 U.S. at 91; *Smith v. Regional Transit Authority,* 756 F.3d 340, 346 n.6 (5th Cir. 2014) (referring to the Supreme Court's "bright line test" as a "common sense approach," and observing that unprincipled jurisdictional holdings had been "called into question" by the Supreme Court's opinion in *Arbaugh*).

On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous. "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination." Judicial opinions, the Second Circuit incisively observed, "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim."[81]

Labeling a ruling as "jurisdictional" is not just one of semantics, as it can have drastic consequences:

> This question is not merely semantic but one of considerable practical importance for judges and litigants. Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system.
>
> * * *
>
> Jurisdictional rules may also result in the waste of judicial resources and may unfairly prejudice litigants. For purposes of efficiency and fairness, our legal system is replete with rules requiring that certain matters be raised at particular times.
>
> * * *
>
> And if the trial court lacked jurisdiction, many months of work on the part of the attorneys and the court may be wasted. Because the consequences that attach to the jurisdictional label may be so drastic, we have tried in recent cases to bring some discipline to the use of this term. We have urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction.[82]

To correct this lack of rigor, the Supreme Court has instructed its lower courts not to treat such pronouncements as precedent: "We have described such unrefined dispositions as 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit."[83]

---

[81] *Arbaugh,* 546 U.S. at 511.

[82] *Henderson*, supra, 562 U.S. at 435-36 (citations omitted); *Stern v. Marshall*, 564 U.S. 462, 480 (2011) ("Because '[b]randing a rule as going to a court's subject matter jurisdiction alters the normal operation of our adversarial system, [we are not inclined to interpret statutes as creating a jurisdictional bar] when they are not framed as such.") (citing *Shinseki* and *Arbaugh*) (alterations in original); *Gonzalez v. Thaler*, 565 U.S. 134, 141-42 (2012).

[83] Id. (citing *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 91 (1998)); see also *Smith,* 756 F.3d at 346 n.6.

*Branch Consultants'* references to the first-to-file bar as "jurisdictional" are precisely the type of "drive-by jurisdictional ruling" the Supreme Court has repeatedly instructed courts not to make.[84] The Supreme Court's jurisprudence on whether statutory limitations on causes of action affect Article III subject matter jurisdiction show it has proscribed this Court's treatment of *Branch Consultants'* jurisdictional statements as precedent.

In *Arbaugh v. Y&H Corp.*, the plaintiff sued her employer under Title VII for sexual harassment. After the plaintiff prevailed at trial on the merits, the defendant argued for the first time that Title VII's 15-employee prerequisite to its applicability was not met because it had fewer than 15 employees. The trial court, after allowing discovery on the issue, determined the defendant employer did not employ 15 or more employees, and granted the motion. The Fifth Circuit affirmed.[85] As noted by the Supreme Court:

> Bound by its prior decisions, the [Fifth Circuit] held that a defendant's "failure to qualify as an 'employer' under Title VII deprives a district court of subject matter jurisdiction."
>
> Dismissal for want of subject-matter jurisdiction was proper, the [Fifth Circuit] ruled, for the record warranted the conclusion that Y&H's delivery drivers, its owner-managers, and their shareholder wives were not "employees" for Title VII purposes, and it was undisputed that Y&H "did not employ the requisite 15 employees without the inclusion of those persons."[86]

Since the time for a Rule 12(b)(6) challenge to the merits of the claimant's cause of action had passed, the Fifth Circuit's holding could be affirmed only if the Supreme Court determined that Title VII's statutory threshold to its applicability counted as jurisdictional – that is, if it determined that Congress had "clearly stated" that the 15 employee rule was jurisdictional.[87]

---

[84] See note 83, supra.
[85] 380 F.3d 219 (5th Cir. 2004).
[86] *Arbaugh,* 546 U.S. at 509 (citations omitted).
[87] Id. at 515.

In holding that Title VII's "employee-numerosity requirement relates to the substantive adequacy of [the plaintiff's] Title VII claim," and "does not circumscribe federal-court subject-matter jurisdiction,"[88] the Supreme Court explained:

> "Jurisdiction," this Court has observed, "is a word of many, too many, meanings." *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (internal quotation marks omitted). This Court, no less than other courts, has sometimes been profligate in its use of the term. For example, this Court and others have occasionally described a nonextendable time limit as "mandatory and jurisdictional." *See, e.g., United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). But in recent decisions, we have clarified that time prescriptions, however emphatic, "are not properly typed 'jurisdictional.' "[89]

The 15-employee threshold provision, the Court said, "'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'"[90] In reversing the Fifth Circuit's holding that Title VII's limitation on its applicability affected a court's subject matter jurisdiction, the Supreme Court established a "readily administrable bright line":

> If the Legislature *clearly states* that a threshold limitation on a statute's scope *shall count as jurisdictional*, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.[91]

Section 3730(b)(5) "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." In fact, there is nothing about it that would even remotely suggest, much less constitute a "clear statement," that Congress intended it to divest a court of its Article III subject matter jurisdiction. And the only courts to apply the Supreme Court's "bright line" test to the first-to-file rule, the D.C. and Second Circuits, have concluded it does not.

---

[88] Id. at 504.
[89] Id. at 510 (some citations omitted).
[90] Id. at 515.
[91] Id. at 515-16 (emphasis added).

As cited in the Court's Order, the D.C. Circuit in *U.S. ex rel. Heath v. AT & T, Inc.*,[92] and the Second Circuit in *United States ex rel. Hayes v. Allstate Ins. Co.*,[93] have held the first-to-file rule does not implicate a court's jurisdiction.[94]  But, unlike all the cases purporting to "hold" that the first-to-file rule is jurisdictional, *supra*, *Heath* and *Hayes* both applied *Arbaugh*'s "bright line test" to the statute to determine if it was – instead of just saying, or repeating, that it was. As the Fifth Circuit did in *Smith*, *supra*, this Court must apply that same test here.  That's the only precedent binding on this Court regarding the issue at bar.

## VI.    CONCLUSION.

This Court is indeed bound by Fifth Circuit precedent. But it is also bound by decisions, and their analytical foundations, of the Supreme Court. The Fifth Circuit has yet to apply the Supreme Court's "bright line test" on jurisdiction to §3730(b)(5), and in fact has never analyzed that provision's jurisdictional implications at all.  Because the Court must make that determination in order to decide Marchand's Motion for Attorney fees, it must apply that "bright line test" itself. Although *Heath* and *Hayes* are not binding on this Court, they do provide an analysis of the first-to-file rule under Supreme Court precedent – the only such analyses published to date.

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that this Court reconsider its Order Denying Attorney Fees (ECF#394), and enter an Order granting Marchand's Motion (ECF##314, 314-1), as modified by his Reply (ECF##369, 370).

---

[92] 791 F.3d 112, 119 (D.C. Cir. 2015).
[93] 853 F.3d 80, 85 (2d Cir. 2017).
[94] Order at 4-5.

Dated: October 2, 2017.

**UNITED STATES OF AMERICA, ex rel. Christopher Sean Capshaw, Kevin Bryan, and Franklin Brock Wendt**

Respectfully submitted,

**MARCHAND & ROSSI, LLP**
By: /s/ David V. Marchand
**David V. Marchand**
Texas Bar No. 00791173
10440 North Central Expressway, Suite 1425
Dallas, Texas 75231
Tel: (214) 378-1043
Fax: (214) 378-6399
dave@mrlaw.com

*ATTORNEYS FOR DISMISSED RELATORS*
*KEVIN BRYAN AND FRANKLIN BROCK WENDT*


### CERTIFICATE OF CONFERENCE

This is to certify that I have personally conferred with counsel for the Settling Defendants, who stated they are opposed to the relief requested in this motion.

/s/ David V. Marchand
David V. Marchand


### CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing Motion was filed and served in accordance with the Local Rules of the United States District Court for the Northern District of Texas, the False Claims Act, and the Federal Rules of Civil procedure:

/s/ David V. Marchand
David V. Marchand