# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER SEAN CAPSHAW, et al. | § § § § | CIVIL ACTION NO.3-12CV-4457N |
| and | § § | (Consolidated with No. 3-13-cv-3392-B) |
| STATE OF TEXAS ex rel. CHRISTOPHER SEAN CAPSHAW, et al. | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | |
| BRYAN K. WHITE, M.D.; et al., | § § | JURY TRIAL DEMANDED |
| Defendants | § § § | |

## REPLY TO DEFENDANTS' RESPONSE TO KEVIN BRYAN, BROCK WENDT, AND MARCHAND & ROSSI, LLP'S MOTION TO RECONSIDER ORDER DENYING ATTORNEY'S FEES

Dismissed Relators Kevin Bryan ("Bryan") and Brock Wendt ("Wendt"), and their counsel, Marchand & Rossi, LLP ("M&R") (collectively "Marchand"), file this Reply to Settling Defendants' Response (ECF#413) ("Response") to Marchand's Motion to Reconsider Order denying attorney's fees (ECF#411).

**I.    CURO'S RESPONSE IS SILENT AS TO MARCHAND'S TWO CORE ARGUMENTS.**

In their Response (ECF#413), Settling Defendants ("Curo") entirely fail to respond to the two central arguments in Marchand's Motion to Reconsider (ECF#411), namely that the Supreme Court has instructed its lower courts: (1) not to treat as precedent "jurisdictional" pronouncements such as those cited in the Court's Order denying attorney's fees (ECF#394) (the "Order"), and (2) to apply its "bright line test" to determine whether Congress intended a statute to divest courts of their Article III subject matter jurisdiction before holding that it does – instructions upon which the Order is silent.

   **A.    Marchand's first argument.**

Marchand's first argument analyzed in great detail not only all of the cases cited in the Court's Order, but also all of those cases' ancestors, to show that, except for opinions of the D.C. and Second Circuits[1]:

   (1)    none of those cases analyzed whether Congress intended the FTF provision to divest courts of their Article III subject matter jurisdiction, and

   (2)    none of those cases undertook to decide, *or had even been asked to decide*, whether Congress intended the FTF provision to divest courts of their Article III subject matter jurisdiction. Based on this detailed examination of all the authorities underpinning the Court's ruling, Marchand's first argument is that the Order's holding that the FTF provision is

---

[1] *U.S. ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 119 (D.C. Cir. 2015), and *United States ex rel. Hayes v. Allstate Ins. Co.*, 853 F.3d 80, 85 (2d Cir. 2017), both of which analyzed the First to File ("FTF") provision as instructed by the Supreme Court.

1

"jurisdictional" does not comport with the Supreme Court's instruction that such "jurisdictional rulings" not be treated as precedent.[2]

Tellingly, Curo doesn't deny that <u>none</u> of the cases cited in the Order, nor their ancestors, analyzed, undertook to analyze, or had even been *asked* to determine whether Congress intended the FTF provision to divest them of their Article III subject matter jurisdiction – because none of them did. Otherwise, Curo would have made *some* attempt to quote and construe at least *some* language, any language, in at least one of those opinions, to argue they had. Instead, Curo uses circuitous arguments to *imply* they did, without *saying* they did:

> "Rather, *the entire appeal* [in *Branch Consultants*[3]] was about whether the case had been properly dismissed for lack of subject matter jurisdiction 'under the FCA's first-to-file jurisdictional bar;'"[4]

> "[a]fter analyzing the facts and statute, the court 'affirm[ed] the district court's dismissal.'"[5]

> "the vast majority of the cases cited by Dismissed Relators <u>involved</u> the dismissals of FCA actions for lack of subject matter jurisdiction under the first-to-file bar – <u>which means that the statements about the first-to-file bar in those cases were necessary to the holdings</u>, not dicta"[6]

These statements are just smoke and mirrors. The appeal in *Branch Consultants* wasn't about whether the FTF provision affects a court's jurisdiction; rather, it was about whether the trial court had correctly determined that a later filed complaint alleged the same essential or material elements of fraud as did a previously filed complaint. More to the point: Marchand's argument isn't that the cases don't *say* the FTF provision is "jurisdictional," they all do. Rather, Marchand's argument, which Curo doesn't join, is that none of those courts sought to <u>determine</u>

---

[2] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006); *Reed Elsevier v. Muchnick*, 559 U.S. 154, 161-62 (2010); and *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 91 (1998).
[3] Referring to *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.* 560 F.3d 371 (5th Cir. 2009).
[4] Response at 4.
[5] Id.
[6] Id. at 5 (emphasis added). Curo's phraseology in this last passage (*i.e.*, "*involved*" and "*which means*") betray a lack of analytical rigor in testing the precedential value of the opinions upon which Curo rests its argument – the very thing the Supreme Court has instructed lower courts not to do. See note 2, supra.

2

whether it is, *nor were they asked to*[7]; and such "jurisdictional pronouncements," the Supreme Court says, cannot be given precedential weight.[8] About that instruction, Curo and the Court's Order say nothing.

Amazingly, Curo avers that "[j]ust because the Fifth Circuit did not articulate its reasons for treating the first-to-file rule as jurisdictional does not mean that its decisions are not "holdings" binding on this Court.[9] But, even setting aside the Supreme Court's instruction to the contrary, that's the very definition of "holding," namely a court's rationale, its *ratio decidendi*, for the result it reaches.[10] Since neither *Branch Consultants* nor any of the othe opinions cited in the Order offer any rationale for the proposition that the FTF provision affects a court's jurisdiction, those statements are not "holdings," and thus are not binding on this Court.

**B.  Marchand's second argument.**

Marchand's second argument is that the Court should apply the Supreme Court's "bright line test" to the FTF provision, since neither the Fifth Circuit nor any of its lower courts ever have. Curo, however, says nothing about this argument either. And how could it? It can point to no language in any of its or the Order's authorities where a court applied this test to the FTF provision and found that it affects a court's jurisdiction. Curo says merely that Marchand has made this argument before, and does so again without raising a new point they couldn't have raised before. But it is because, in part, the Order is silent on these two instructions from the Supreme Court that Marchand has asked the Court to reconsider its ruling. Had the Order

---

[7] *U.S. ex rel. Edgett v. Kimberly-Clark Corp.,* 2017 WL 422697, *2 (N.D. Tex. Sept. 22, 2017), which Curo cites, at page 6 of its Response, is no different. That court did not undertake to determine whether the FTF provision affects a court's subject matter jurisdiction; it just repeated the assertion that it did.
[8] See note 2, supra.
[9] Response at 2.
[10] *Harkness v. Sweeny*, 427 F.3d 319, 321 (5th Cir. 1970)("Ordinarily, under our system of law, a decision of a higher court is binding as a precedent to the extent of the *ratio decidendi* of the case. As the Supreme Court has said, advisory opinions are prohibited by *Art. III of the Constitution. Stovall v. Denno,* 1967, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L.Ed.2d 1199.")(emphasis added). See also *Daniels v. Morris*, 746 F.2d 271, 275 (5th Cir. 1984) ("We are bound by the *rationale* of the decision, its *ratio decidendi*, not its explanatory language.") (emphasis added).

addressed these Supreme Court authorities, Curo's point may have some force. But for a court to ignore Supreme Court instructions which, if followed, would result in a different outcome, would be manifestly unjust. That clearly warrants reconsderation.

## II. CURO'S FIRST ALTERNATIVE ARGUMENT: "EVEN IF THE DISMISSAL IS NOT FOR LACK OF JURISDICTION"

Alternatively, Curo argues that even if the FTF provision is not jurisdictional, *Federal Recovery Services., Inc. v. United States*[11] still demands the same result here, because "[o]nly those parties that are properly part of the qui tam action are statutorily entitled to award of attorney's fees and expenses."[12] Specifically, Curo implicitly argues (it can't do so explicitly) that *Federal Recovery Services* did not turn on the court's lack of jurisdiction: "Although the court noted that the public disclosure rule was jurisdictional, the court denied the relator's fees because it 'was not a proper party to this litigation.'"[13] But *Federal Recovery Services* expressly says otherwise, namely, that it's holding did turn on a lack of jurisdiction:

> Under the statutory scheme before us, there is a right to reasonable attorneys' fees, but the statute did not dispense with the tradition that a lawyer must represent his client's interest, not his own. <u>The attorneys' effort to control Boatright by creating FRS overreached</u>, **and the resulting loss of counsel fees is its price**. This is not a gratuitous observation. Rather, it is to explain that while ***the law of standing in this circuit dictates the result in this case***, it works no "technical" or unfair result.[14]

In fact, nothing in *Federal Recovery Services* suggests the court meant it to apply beyond the prior version of the Public Disclosure Bar, or beyond the facts of that case. Rather, the opinion shows its focus was strictly limited to the prior version of Section 3730(e)(4):

---

[11] 72 F.3d 447 (5th Cir. 1995).
[12] Response at 6.
[13] Id.
[14] *Federal Recovery Services*, 72 F.3d at 453.

4

> "31 U.S.C. §3730(e)(4) <u>denies subject matter jurisdiction</u> over the qui tam complaint filed by FRS."[15]

> "We are persuaded that FRS <u>lacked standing</u> to prosecute a claim under the False Claims Act and that the district court <u>never had jurisdiction over it</u>."[16]

> "As the Tenth Circuit acknowledged, Congress chose not to insert [into §3730(e)(4)] the adverb 'solely' before 'based upon,' yet to hold as FRS urges would accomplish exactly that result and alter the statute's plain meaning.[17]

> "We hold that 31 U.S.C. <u>§3730(e)(4)</u> bars FRS from pursuing this qui tam litigation.[18]

If this Court applies the Supreme Court's "bright line" test to the FTF provision, as the D.C. and Second Circuits have, it will conclude that Congress did not intend it to affect a court's Article III subject matter jurisdiction (which, for this alternative argument, Curo takes as true anyway). *Federal Recovery Services* is therefore inapplicable to the FTF provision.

As for Curo's repeated embrace of the phrase "proper parties," Curo makes no attempt to explain how *Federal Recovery Services*' conclusion that the court never had Article III subject matter jurisdiction over FRS, which was "dictated" by the prior version of §3730(e)(4), somehow controls §3730(b)(5) which, per Curo's alternative argument, does not affect jurisdiction. Curo does not say what distinction it would have the Court draw between "proper parties" and just "parties," or what meaning the *Federal Recovery Services* court assigned to that modifier (the opinion doesn't say).

Nor is Curo's cite to *Miller v. Holzmann*[19] helpful since, aside from being a non-binding opinion from a district court of another circuit, the *Holzmann* court denied attorney fees to a relator who, like FRS, was dismissed for lack of subject matter jurisdiction under §3730(e)(4). Moreover, the *Holzmann* holding was predicated in part on its determination that Congress

---

[15] Id.
[16] Id. at 448.
[17] Id. at 451.
[18] Id. at 452.
[19] 575 F. Supp. 2d 2, 9 (D.D.C. 2008).

5

intended only prevailing parties to recoup attorney's fees.[20] Unlike the relator in *Holzmann*, whose claims garnered <u>no</u> recovery, Bryan and Wendt, are prevailing parties as to Curo.[21]

It's clear that "the law of standing dictate[d] the result" in *Federal Recovery Services*. Under Curo's alternative argument, then, Bryan and Wendt have always had Constitutional standing before this Court, and *Federal Recovery Services* thus does not apply to the case at bar.

Unlike the court in *Federal Recovery Services*, and the opportunistic lawyers before it, this Court has always had Article III subject matter jurisdiction over Bryan and Wendt's claims, and, concomitantly, they've always had constitutional standing before this Court – at the time they filed their complaint, when they reached their settlement in principle with Curo in October of 2016, and to this day. 31 U.S.C. §3730(d), not general principles of contract formation, therefore controls their settlement with Curo, and entitles Bryan, Wendt, and Marchand & Rossi, LLP to their reasonable attorney's fees, expenses and costs, whether the parties agree to the amount, or the court determines it for them.[22] In the wake of the parties' announcement of that settlement in principle, on October 4, 2016 (ECF#233), when Curo's counsel was repeatedly asking for Marchand's fee request, she was doing so to see if the parties could also reach a settlement on an amount for those fees.[23] Under §3730(d), their failure to agree on an amount did not affect the settlement at all, since that provision provides that the amount shall be what "the court finds" to be reasonable.[24] What Curo bargained for, in part, <u>and received</u>, were full releases

---

[20] Id. at 8.
[21] *Farrar v. Hobby*, 506 U.S. 103, 109 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[22] 31 U.S.C. §3730(d) ("Any payment to a person under the first or second sentence of this paragraph shall be made from the proceeds. Any such person shall also receive an amount for reasonable expenses <u>which the court finds</u> to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.") (emphasis added).
[23] Appendix to Kevin Bryan, Brock Wendt, and Marchand & Rossi, LLP's Motion for Approval and Award of Reasonable Expenses, Attorney's Fees and Costs, Pursuant to 31 U.S.C. §3730(d) and Motion to Enforce Settlement Agreement (ECF#314-1) at 121-126.
[24] 31 U.S.C. §3730(d).

from Bryan and Wendt.[25] Marchand's Motion to Enforce Settlement Agreement, *i.e.*, the settlement in principle reached in October of 2016, seeks to have Curo fully perform its obligations under §3730(d), as it should not be allowed to receive everything it bargained for, while giving only part of what it agreed to, and the statute requires.

**III. CURO'S SECOND ALTERNATIVE ARGUMENT: "RELATORS' FEE REQUEST IS UNREASONABLE."**

Finally, Curo argues that even if the FTF provision does not affect a court's jurisdiction, and even if *Federal Recovery Services* does not apply to dismissals under the FTF provision, Marchand's fee request is unreasonable "for all the reasons presented" at 19-30 of Curo's Response (ECF#341) to Marchand's Motion for Attorney's Fees. (ECF##314, 314-1).[26] But, as set forth in detail in Marchand's Reply thereto, Marchand's fee request is entirely reasonable, as it, among other reasons: (a) was detailed in its description of the specific items of work, (b) was meticulously segregated by Defendant, (c) reflected almost 250 specific entries where recorded time was reduced for billing judgment, and (d) was reduced by an additional 5 percent as a further exercise of billing judgment.[27]

**IV. STANDARD FOR RECONSIDERATION**

Curo begins its Response by arguing, as mentioned above, that Marchand cites "no new binding authority . . . nor raise[s] any argument that they could not have raised" previously, and that the Court could dismiss Marchand's Motion "on this basis alone."[28] But the Order denying Marchand's attorney's fees is silent on the Supreme Court authorities that underpin Marchand's two central arguments; and it would be manifestly unjust for a court to ignore Supreme Court

---

[25] (ECF#314-1) at 134-35.
[26] Response at 7.
[27] Kevin Bryan, Brock Wendt, and Marchand & Rossi, LLP's Reply to Settlement Defendants' Response to Dismissed Relators' Motions for Attorney's Fees, Expenses, and Costs and Motion to Enforce Settlement Agreement (ECF#369) at 11-15.
[28] Response at 1.

instructions which, if followed, would result in a different outcome. The fact that Curo completely sidestepped all of these Supreme Court authorities, and both arguments Marchand makes from them, is a compelling reason for the Court not to do the same.

In addition, in the Fifth Circuit, "under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[29]

## V. CONCLUSION

To appraise the justness of its holding that the FTF provision divests this Court of its Article III subject matter jurisdiction requires only three questions:

1. Did <u>any</u> of the cases cited in the Order (other than *Heath* and *Hayes*[30]), or any of their ancestors, apply the Supreme Court's "bright line" test to determine whether Congress intended the FTF provision to divest courts of their Article III subject matter jurisdiction? (Answer: NO)

2. Did any of those cases seek to determine, by *any* reasoned analysis, whether Congress intended the FTF provision to divest courts of their Article III subject matter jurisdiction? (Answer: NO)

3. Could all references to "jurisdiction" in those cases be deleted "without seriously impairing the analytical foundations of the holdings?" (Answer: YES)

Since the Supreme Court has already instructed its lower courts not to give precedential weight to such "drive-by" jurisdictional rulings, this Court cannot treat those jurisdictional "holdings" as precedent, including such statements in *Branch Consultants*. And, as the Supreme Court has further instructed lower courts to apply the "bright line" test set forth in *Arbaugh v. Y&H*

---

[29] *Austin v. Kroger Texas, L.P.*, No. 16-10502, (5th Cir. April 14, 2017); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990); *Hancock v. Chicago Title Ins. Co.*, No. 3:07-CV-1441-D, *1-2 (N.D. Tex. Jan. 25, 2013) (Memorandum Opinion) (Fitzwater, J.); *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.)( The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *Brown v. Wichita Cnty.,* No. 7:05-cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011)( the court is free to reconsider its ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."); *M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, *2-3 (N.D. Tex. Jan. 22, 2010) (Memorandum Opinion) (Fish, J.)
[30] See note 1, supra.

*Corp.*[31], this Court must apply that test to the FTF provision itself.

When it makes this analysis (as the D.C. and Second Circuits already have), the Court will find that Congress did not intend the FTF provision to implicate courts' subject matter jurisdiction. Therefore, *Federal Recovery Services*, which expressly turned on jurisdiction, does not apply to the non-jurisdictional dismissals under the FTF provision. Curo's settlement in principle with Bryan and Wendt is thus enforceable under §3730(d), and Marchand's fee request, which is reasonable, should be granted.

Dated: November 16, 2017.

**UNITED STATES OF AMERICA, ex rel. Christopher Sean Capshaw, Kevin Bryan, and Franklin Brock Wendt**

Respectfully submitted,

**MARCHAND & ROSSI, LLP**
By: /s/ David V. Marchand
**David V. Marchand**
Texas Bar No. 00791173
10440 North Central Expressway, Suite 1425
Dallas, Texas 75231
Tel: (214) 239-1073
Fax: (214) 378-6399
dave@mrlaw.com

*ATTORNEYS FOR DISMISSED RELATORS*
*KEVIN BRYAN AND FRANKLIN BROCK WENDT*

## CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing Motion was filed and served in accordance with the Local Rules of the United States District Court for the Northern District of Texas, the False Claims Act, and the Federal Rules of Civil procedure:

/s/ David V. Marchand
David V. Marchand

---

[31] 546 U.S. 500, 511 (2006).