IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <br> *ex rel.* CHRISTOPHER CAPSHAW, <br><br> Plaintiffs, <br><br> v. <br><br> BRYAN L. WHITE, M.D. and <br> SURESH G. KUMAR, R.N., <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No. 3:12-CV-4457-N |

## **MEMORANDUM OPINION ORDER**

This Order addresses Defendant Bryan White's motion for leave to file a sur-reply [410] and motion to dismiss the Government's complaint in partial intervention [348]. For the reasons stated below, the Court denies both motions.

### I. THE COURT DENIES WHITE'S MOTION FOR LEAVE

White requests leave to file a sur-reply to the Government's sur-reply. The pleading White seeks to file, however, is 31-pages long, and raises novel arguments. It appears to be more of a second motion to dismiss than a reply to the Government's arguments. As such, the Court denies White's motion for leave.

### II. THE COURT DENIES WHITE'S MOTION TO DISMISS

#### *A. The Government's Complaint Makes Plausible Claims Under the Anti-Kickback Statute and False Claims Act*

The Court recently issued an Order denying Defendant Suresh Kumar's motion to dismiss (the "Kumar Order") [427]. White's motion looks a great deal like Kumar's. His

central argument is that the Government's Complaint fails to make out a plausible claim under the Anti-Kickback Statute ("AKS") and False Claims Act ("FCA"). The Court laid out the facts and legal standards necessary to evaluate this argument in the Kumar Order. Suffice to say, to avoid dismissal, the Government's Complaint must sufficiently plead: (a) that White violated the AKS; (b) that those violations formed the basis of claims that White presented to the Government for payment; (c) that White "knowingly" presented those claims under the FCA; and (d) that those violations were material under *Escobar*.

As was the case in the Kumar Order, the Court finds the Government's Complaint to meet this mark. It plausibly pleads that White violated the AKS by making numerous cash and equity transfers to American Physician Households ("APH") in exchange for hospice patient referrals. United States' Compl. in Partial Intervention, ¶ 134-249 [311] ("Compl."). For reasons the Court has already articulated, the Complaint sufficiently alleges that these tainted referrals caused false claims to be presented to the government in violation of the FCA. *See* Kumar Order at 7. The Complaint also sufficiently alleges that White presented these false claims in either deliberate ignorance or reckless disregard of their compliance with the AKS by detailing his experience as a Medicare provider. *See e.g.* Compl. ¶ 79. And lastly, this Court has already held that by sufficiently pleading an AKS violation, the Government sufficiently alleges materiality under *Escobar*. Kumar Order at 9. In short, what was true for Kumar holds true for White: the Government's Complaint plausibly alleges both AKS and FCA violations.

White's arguments regarding his status as a creditor for APH do not change this. The crux of his argument is that because he alleges the bankruptcy proceedings show the loans

ORDER – PAGE 2

he made to APH to be legitimate, there exists no remuneration to form the basis of an AKS violation. The efficacy of this argument hinges on whether or not one believes there was ever a real intention for the loans to be repaid. White spends pages of briefing arguing it is clear there was such an intention; the Government spends an equal number of pages arguing there was not. But at bottom, this is a factual dispute. And at this stage, the Court is to be concerned only with plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Taking the Government at its word, does it allege a plausible violation of the AKS and FCA? As noted above and explored at length in the Kumar Order, the Court finds the answer to that question to be: yes. Accordingly, the Court denies White's motion to dismiss as to the AKS and FCA counts.

### B. The Complaint Makes Plausible Unjust Enrichment, Payment by Mistake, and Fraud Common Law Claims

Claims for unjust enrichment and payment by mistake are both rooted in the "well established" law that "the government, without aid of a statute, may recover money it mistakenly, erroneously, or illegally paid from a party that received the funds without right." *LTV Educ. Sys. Inc. v. Bell*, 862 F.2d 1168, 1175 (5th Cir. 1989). Here, the Government has made a plausible claim that it paid out Medicare claims under the erroneous belief that the

claims complied with the AKS.[1] As such, it adequately pleads unjust enrichment and payment by mistake.

To sufficiently plead common law fraud, the Government must plausibly show there was "(1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation." *Pence v. U.S.*, 316 U.S. 332, 338 (1942). Pleading common law fraud further requires the Government to plead "the specifics of the false representation." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 189 (5th Cir. 2009). Fraud carries a more demanding pleading standard than the FCA because to plead the elements of reliance and damages, a plaintiff has to "offer particular and reliable indicia were actually submitted as a result of the scheme—such as dates that services were fraudulently provided or recorded . . . ." *Id.*

The Government's Complaint does just that by detailing at least twenty-four (24) specific examples of patient referrals that resulted in the submission of at least 180 Medicare claims. Compl. at ¶¶ 150–55, 163–65, 200–02, 206–10, 212–17, 219–23, 225–34. In sum,

---

[1] White argues that the Government has not properly pleaded that White received the benefits of the alleged fraudulent payments. In support, he cites *U.S. v. Fadul*, 2013 WL 781614 (D. Md. Feb. 28, 2013). There, the District of Maryland held that just because a defendant is the only member and officer of a company involved in an illegal transaction, does not in itself establish the defendant received a personal benefit. *Id.* at 13. The decision in *Fadul*, however, was made at summary judgment. Here, the Court needs only enough evidence to make a plausible inference that White benefitted from the transaction. The Court finds the Government's allegations to sufficiently establish that inference.

the Government alleges that over $18 million was paid out in Medicare claims based on illegally referred patients. *Id.* at ¶ 3. These are specific, fact-supported allegations that more than meet the pleading requirements contemplated by the Fifth Circuit in *Grubbs*.[2] Accordingly, the Court holds the Government adequately pleads common law fraud.

## CONCLUSION

Because the Government's complaint makes a plausible claim for liability under the AKS, FCA and common law unjust enrichment, payment by mistake, and fraud, the Court denies White's motion to dismiss in its entirety.

Signed December 11, 2018.

David C. Godbey
United States District Judge

---

[2] In *Grubbs*, the Fifth Circuit specifically mentioned that "a plaintiff does not necessarily need the exact dollar amounts, billing numbers, or dates to prove to a preponderance that fraudulent bills were actually submitted." 565 F.3d at 190.