IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* CHRISTOPHER SEAN CAPSHAW, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4457-N |
| BRYAN K. WHITE, M.D., *et al.*, | § § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses the motion for attorney's fees [453] and motion to amend [455] filed by Relators Kevin Bryan and Brock Wendt (collectively, "dismissed relators") and their counsel, Boyd and Associates ("B&A"). For the reasons below, the Court denies the motion for fees. The Court moots the motion to amend per the parties' notice of withdrawal of that motion [461].

## I. ORIGIN OF THE DISPUTE

This fees dispute arises from a consolidated qui tam action based on an alleged scheme of illegal kickbacks between the named Defendants that was brought by Relator Christopher Capshaw ("Capshaw") and the dismissed relators. January 23, 2017, Order 2–6 [256]. In 2015, the Department of Justice began negotiating a settlement agreement with Defendants International Tutoring Services, LLC, Goodwin Hospice, LLC, Phoenix Hospice, LP, Hospice Plus, LP, and Curo Health Services, LLC (collectively, "Settlement Defendants"). July 10, 2017, Order 1 [394]. Prior to final execution of the settlement, this

ORDER – PAGE 1

Court dismissed Bryan and Wendt. January 23, 2017, Order 2 [256]. The dismissed relators subsequently moved for attorneys' fees and to enforce settlement [314], and B&A moved for attorney's fees [296]. The movants argued that they were entitled to mandatory statutory attorneys' fees under section 3730(d) of the False Claims Act ("FCA") or, alternatively, that the Settlement Defendants agreed to pay reasonable attorneys' fees and that the Court should enforce an alleged oral settlement agreement. July 10, 2017, Order 1–2 [394]. The Court found that neither section 3730(d) nor the oral contract theory supported an award of attorneys' fees. *Id.* at 5, 10. Subsequently, the Court declined the dismissed relators' motion to reconsider [411] its decision on the motion for attorneys' fees. December 11, 2018, Order 1 [433].

On October 2, 2019, the Court granted the United States and Capshaw's unopposed motion to dismiss all remaining claims. October 2, 2019, Order [452]. The following day, the dismissed relators and B&A filed this motion for statutory attorneys' fees under the Texas Medicaid Fraud Prevention Act ("TMFPA") [453]. They also moved to amend [455] the Court's Order of dismissal to include a statement reserving jurisdiction to decide awards of attorneys' fees but later filed a notice of withdrawal of that motion [466]. The Court addresses these motions in turn.

## II. LEGAL STANDARDS

### A. Jurisdiction to Decide Motions for Attorneys' Fees

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx*, 496 U.S. 384, 395 (1990). The Supreme Court has specifically held that "motions for costs or attorney's fees are

ORDER – PAGE 2

independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Id.* (internal quotation omitted). A district court retains jurisdiction to decide motions for attorneys' fees and costs even when dismissal is voluntary. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) ("[V]oluntary dismissals do not deprive courts of the jurisdiction to award attorneys' fees.") (internal citation omitted).

### B. Statutory Attorneys' Fees

The Texas Medicaid Fraud Prevention Act provides that a person bringing an action under that chapter is "entitled to receive from the defendant an amount for reasonable expenses, reasonable attorney's fees, and costs that the court finds to have been necessarily incurred" if the defendant is found liable or the claim is settled. TEX. HUM. RES. CODE § 36.110(c). The federal False Claims Act has a similar statutory attorneys' fees provision. In the Fifth Circuit, "[o]nly those parties that are properly a part of the qui tam action are statutorily entitled to the award of attorneys' fees and expenses." *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 450 (5th Cir. 1995). Where relators are not proper parties to a qui tam action due to one of the federal False Claims Act's jurisdictional bars, their attorneys "are not statutorily entitled to attorneys' fees and expenses." *Id.* at 453.

While there is a circuit split on the issue, Fifth Circuit precedent treats the FCA's first-to-file rule as a "jurisdictional bar." *Compare U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 373 (5th Cir. 2009); *U.S. ex rel. Ven-A-Care of the Fla. Keys, Inc. v. Baxter Healthcare Corp.*, 772 F.3d 932, 936 (1st Cir. 2014) ("The 'first-to-file' rule is, at least in this Circuit, jurisdictional."), *with U.S. ex rel. Heath v. AT&T, Inc.*,

ORDER – PAGE 3

791 F.3d 112, 121 (D.C. Cir. 2015) (holding that the first-to-file bar is not jurisdictional and "bears only on whether a *qui tam* plaintiff has properly stated a claim"). The FCA first-to-file rule bars "related action[s]" alleging the same material elements of fraud alleged in a prior-filed FCA action. 31 U.S.C. 3730(b)(5); *Branch Consultants*, 560 F.3d at 378.

### III. THE COURT MOOTS THE MOTION TO AMEND

Although B&A's motion to amend was filed after its motion for attorneys' fees under TMFPA, the Court addresses it first because it raises the question whether this Court has jurisdiction to decide motions for attorneys' fees following the voluntary dismissal of all remaining claims in this case. District courts have jurisdiction to decide issues collateral to a case — such as awards of attorneys' fees — after rendering final judgment, even when dismissal is voluntary. *Cooter & Gell*, 496 U.S. at 395; *Yesh Music*, 508 F.3d at 231. It is thus unnecessary for this Court to amend its order of dismissal to expressly reserve jurisdiction to decide motions for attorneys' fees and costs. Further, the movants filed a notice withdrawing their motion to amend. The Court accordingly moots the motion to amend [455].

### IV. THE COURT DENIES THE MOTION FOR FEES

This Court previously found that all the dismissed relators' claims, including their TMFPA claims, were barred by the FCA's first-to-file rule. January 23, 2017, Order 9–11 [256]. Section 3730(b)(5) expressly states that when "a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. 3730(b)(5); *see also Branch*

*Consultants*, 560 F.3d at 378 (explaining that when a "later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, § 3730(b)(5)'s jurisdictional bar applies"). Here, the dismissed relators filed their complaint in August 2013, nearly a year after Capshaw filed his complaint. Relators' Joint Mtn. Consolidate 2 [16]. The Court found that the dismissed relators' complaint was based on the same material elements of fraud described in Capshaw's first-filed complaint. January 23, 2017, Order 8–9 [256]. Although the dismissed relators' complaint contained new allegations not included in Capshaw's complaint, the Court found that these facts would have been discovered by investigation into Capshaw's allegations. *Id.* at 9; *see United States v. Planned Parenthood of Houston*, 570 F. App'x 386, 389 (5th Cir. 2014) ("The focus is on whether an investigation into the first claim would uncover the same fraudulent activity alleged in the second claim.").

The Court further determined that the fact that the dismissed relators also brought TMFPA claims — and that they were the first relators to raise claims under TMFPA — did not alter the outcome because the TMFPA claims were based on the same material elements of fraud alleged in Capshaw's first-filed action. January 23, 2017, Order 10 [256]. Section 3730(b)(5) operates to bar duplicative qui tam actions that are based on the same core fraud at issue in first-filed actions. *See Planned Parenthood of Houston*, 570 F. App'x at 389 (observing that the FCA's jurisdictional limits, "including its first-to-file bar," seek to discourage "parasitic lawsuits that merely feed off previous disclosures of fraud") (internal citation omitted). Nothing in the FCA first-to-file bar limits its language to later-filed FCA actions alleging FCA claims. Rather, the FCA language is global in

ORDER – PAGE 5

scope and bars "a *related action*" — not just other FCA actions — premised on the same core facts underlying a pending FCA action.[1] § 3730(b)(5) (emphasis added); *see Planned Parenthood of Houston*, 570 F. App'x at 389 ("The first-to-file bar is a relatively broad bar to later-filed actions."); *Branch*, 560 F.3d at 377 ("[A] broader bar furthers the purpose of the FCA's *qui tam* provisions.") (internal citation omitted).

TMFPA is a state law analog to the FCA and is aimed at preventing the same type of acts. Permitting a later-filed action alleging the same core facts as a prior-filed FCA action to continue merely because it involves state law claims would create a run-around the FCA's first-to-file bar and frustrate "the accomplishment and execution of the full purposes and objectives of Congress" evidenced by the FCA's text.[2] *See City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 178 (5th Cir. 2018) (observing that conflict preemption occurs when a state law prevents the accomplishment of federal law purposes); *see also Planned Parenthood*, 570 F. App'x at 389 (observing that one purpose of the FCA is to "encourage

---

[1] TMFPA also has a first-to-file rule. TEX. HUM. RES. CODE § 36.106. Like the FCA rule, the TMPFA rule prohibits "related" actions sharing the same core facts as a prior-filed action "brought under this subchapter"—in other words, a previously filed TMFPA case. *Id.* Because Capshaw's prior-filed complaint did not bring TMFPA claims and because the dismissed relators were the first to bring TMPFA claims related to this fraud, the TMFPA first-to-file rule does not apply to the dismissed relators. That is immaterial to the outcome here, however, because the FCA first-to-file rule does apply. A state law cannot shield the parties from an applicable, more restrictive federal law.

[2] The dismissed relators observe that the FCA grants district courts "jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730." 31 U.S.C. 3732(b). While this is true, section 3730(b)(5), which declares without limitation that any "related actions" sharing the same core fraud as a *prior-filed* FCA action are barred, should be read to modify the grant of jurisdiction to cover only state law claims brought in conjunction with an FCA action.

suits from whistleblowers with genuinely valuable information" while preventing duplicative actions) (internal quotation omitted). The Court thus declined to impose an atextual limit on the FCA and dismissed Relators Bryan and Wendt.

Subsequently, the Court denied the dismissed relators and B&A's motions for statutory attorneys' fees under the FCA [296] [314]. July 10, 2017, Order 1 [394]. Once this Court determined that the dismissed relators were not proper parties and that it lacked subject matter jurisdiction over their claims, it could not award statutory attorney's fees for efforts expended litigating those claims. July 10, 2017, Order 3–5 [394]; *see Fed. Recovery Servs., Inc. v. United States*, 72 U.S. 447, 450, 453 (5th Cir. 1995).

This motion seeks statutory attorneys' fees under the TMFPA. In the briefing for this motion, the dismissed relators, B&A, and the State of Texas argue that the FCA's first-to-file rule does not bar TMFPA claims raised for the first time, even if based on the same core facts as a prior-filed qui tam action, and that this Court consequently has jurisdiction over the TMFPA claims and may award attorneys' fees under TMFPA. The dismissed relators and B&A also reiterated their oral contract theory for attorneys' fees.

As discussed, these arguments have already been presented by the dismissed relators and B&A and rejected in the Court's prior Order. January 23, 2017, Order 6–10 [256]. The parties have cited no new authority decided since the Court's January 2017 Order, and the Court sees no reason to reconsider its judgment. While the TMFPA first-to-file rule is not implicated here, the FCA's first-to-file bar does apply. Consequently, the Fifth Circuit opinions interpreting the effect of the FCA's first-to-file bar — holding that attorneys' fees are not available when an FCA jurisdictional bar, like the first-to-file rule, precludes a party

from bringing an action — should apply here and bar any statutory attorneys' fees. *See Branch Consultants*, 560 F.3d at 373; *Fed. Recovery Servs., Inc.*, 72 F.3d at 450–53. Because the FCA first-to-file rule bars both subsequent FCA and TMFPA claims based on the same core facts alleged in a prior FCA action, the Court lacks jurisdiction over all the dismissed relators' claims. Accordingly, the Court has no authority to award TMFPA statutory fees and denies the dismissed relators' and B&A's motion for attorney's fees [453].

## CONCLUSION

Because the movants have withdrawn their motion to amend this Court's order dismissing the case, the Court moots the motion to amend. The Court also denies the motion to award statutory attorneys' fees under TMFPA because it lacks jurisdiction over movants and their claims.

Signed February 12, 2020.

David C. Godbey
United States District Judge